recordings primarily to assist us in writing in the opinions that come out of these proceedings, but they're also available to the public, so you need to do your very best. The other thing I would mention to you is that rebuttal is for rebuttal only, and that we don't expect you to bring up any new arguments in rebuttal that have not been previously addressed either by you or your opponent. And with that, we'll call the first case of the day, and that's Collins v. Sidharthan. If I got that correct. I believe so, Your Honor. My name is Dan Kistler. May it please the Court, I represent the appellant, Robert L. Collins, in this appeal from final judgment entered by the United States District Court for the Southern District of Texas on September 30th, 2014. I almost did it again. In my brief, I put down September 30th, 1954. I apologize for that. The only relevance, possible relevance of that date to this case is that it is my birthday. So. Identify with the fifties. It's not an offense to me. This is, this is really a case of what is conceivable for purposes of establishing federal jurisdiction over a bankruptcy case. In the case that's before the court, Robert L. Collins was plaintiff in a state court lawsuit originally filed against a limited partnership by the name of KSRP, and it's what was alleged to be its general partner, Dr. A.S. Sidharthan. The cause of action alleged purely state court, state law, causes of action, breach of contract, tortious interference, and the like. The case was subsequently amended to include claims against Dr. Sidharthan personally for defamation arising out of a letter that he had written to certain parties in which he essentially, as was later found by the bankruptcy judge in his report and recommendation, to have been defamatory, and defamatory per se. But that's not the real issue here, because what happened is on December 31st of 2009, with the case coming up for trial in less than a month, Collins made the decision to non-suit all claims against KSRP and focus solely on his claims against Dr. Sidharthan. That is abundantly apparent through the record. There was actually an order entered by the 357th Judicial District Court of Cameron County in which that non-suit was accepted. So here we are, and then on January 15th of 2010, to make absolutely certain that no claims are being asserted against KSRP, Collins filed his second amended petition in which he eliminated any reference whatsoever to KSRP as a defendant or as a party against whom any relief was being sought. On January 25th, the case was set for trial of 2010. On January 21st, a hearing was going to be held on a motion for continuance that had been filed by Dr. Sidharthan. On January 20th, five days before the case was set for trial, there was a bankruptcy petition, a petition for relief under Chapter 11 of Title 11 of the U.S. Code filed by KSRP. At that point in time, then Dr. Sidharthan removed the purely state law causes of action, state common law causes of action that were filed by Collins against him based upon an allegation that he was entitled to indemnification from KSRP without stating what the basis of the indemnification was. Okay, so let me ask you this. I want to be sure I'm understanding the full extent of your argument. If we were to assume arguendo that Sidharthan had a valid, good indemnity claim against KSRP, and I know you contest that, but let's assume that arguendo, are you claiming that even if that's true, the failure to have a pleading on file at the time of removal alleging that indemnity claim is fatal to this case, to the jurisdictional question here? I don't think that the authority that's out there would allow me to make that claim. However, I would make the claim that it was — it was — it was — it would be a frivolous claim under any circumstances based on the fact that he had a valid indemnity claim. No, I understand that. You're not — the assuming arguendo is your whole case, is I guess what I'm trying to say. You're saying that whether or not it had been pled, it was a frivolous indemnity claim and therefore shouldn't count for assessing the whole related to issue. That's true. And that's your — you rise or fall on that? That's true. Okay. There are also other claims that were post-petition filed by Dr. Sidhartan as cross-actions against the — against the denter, against KSRP for contribution, for I think equitable subrogation, for reimbursement. At least that's what the cause of action alleged was. And those were — those are all dealt with in my briefs, but I'm going to focus right now on the indemnification issue. I want to follow up on that. I mean, you conceded it, but on a jurisdictional issue, we have to look at it in the first instance. Did — I don't see a cross-claim for indemnity that was ever filed in the state court. It was removed and then in January and then in February, he files a federal pleading for a cross-claim for indemnity, Sidhartan does. So if we have to look at jurisdiction at the time of removal, was there a live claim for indemnity pending at that time? No, there was no live claim for indemnity, nor was there any legal basis for making a live claim for indemnity at that time or really at any other time for the following reasons. One, there was no contractual provision that allows for indemnification in this case. And I would cite the court to — and it's in my briefs, Section 7.03 of the Limited Partnership Agreement, and that's found at page 539 of the record. In it, it specifically refers to and limits indemnification to the general partner. The general partner shall not be liable. Well, the general partner was not Dr. Sidhartan. The general partner — But that's still a merits claim. I mean, I think just — Judge Costa is asking, does there have to be — and you've said no, but I want to be clear on this — does there have to be a live pleading for indemnity, or is it enough for related to that a party can say, if I lost in the State case, I'm going to turn around and seek indemnity, because indemnity is usually for a judgment or for being held liable, not simply for being sued. So if Sidhartan's claim is, I would have a right of indemnity if I lose, and therefore it could impact the bankruptcy court, again, assuming the right of indemnity that you don't want to assume, is that a valid argument for removal? If we assume the indemnity claim is valid, which I know you don't, and I don't want to forget that. There is case law that suggests that removal would be valid under those circumstances. I, however — however, if you rely upon the well-pleaded complaint rules, and if you rely upon the snapshot that courts take of what the status of the pleadings are at the time, because removal jurisdiction is based on the pleadings, if you look at that, at the time of removal, then there was no existing claims whatsoever. Yeah, but at that point, yeah, KSRP is out of the case. You can't file a cross-claim against a party that's not still in the case, and at the point the bankruptcy is filed, they couldn't file the cross-claim in State court, or they'd be a violation of the automatic stay. So typically, indemnity claims, they can be resolved in the main case, and in some instances have to be, but usually are resolved in case number two. I mean, for example, in an insurance case, putting aside duty to defend, you can't decide duty to indemnify until the underlying case is over. It's considered an advisory opinion. So that's how indemnity works. So why would there be a difference here? If you're, again, arguing a good indemnity claim, which, as I said, I know you're saying they weren't. Right. Let me turn to the Garlock case, because that's featured fairly heavily in my briefing. Garlock was an interesting situation involving mass tort litigation, asbestos litigation against lots of defendants. And in this particular case, 23 separate plaintiffs had filed in affiliate of Garlock filed for bankruptcy. Garlock caused the claims to be removed, alleging a claim of contribution that was existent at the time that these claims were removed. Now, it had been filed. However, when the court of appeals, when this court was analyzing Garlock's positions in the case, it focused pretty strongly on whether or not there was actually any type of valid contribution claim, and found that that was, well, it didn't find because that was not the basis of the ruling, but it suggested very strongly that it was a spurious, if not frivolous claim. And that's another point that I, and that's really getting to the heart of my argument here. Can you simply make a claim that I'm entitled to indemnification and have that stick for jurisdictional purposes without having at least a legal right to bring that claim? Well, if this was such a frivolous claim of indemnity that it just doesn't even pass a smell test, why was there a trial over it and a decision on the merits? There was never really a trial on the indemnity issue, is what I would argue. The trial itself took place between Collins and Siddharthan. It should also be noted that at no point in time did the debtor in possession, which was controlled by Dr. Siddharthan, ever take any action to contest these indemnity claims. It was an insider deal, essentially, there. And I see I'm giving myself over time here. Didn't you argue below that Siddharthan was a general partner and that's how you were going to make him liable for the entity getting out of the contract? And if so, that ties right into the indemnity claim. Yeah, we were arguing that Dr. Siddharthan was a general partner. That was one of the alternative claims that was pled in the state court proceedings. He was not the named general partner under the Texas Secretary of State's records or in the partnership agreement itself. But one point that I would like to raise here, and perhaps this addresses Judge Haynes' concerns and questions. I view this type of case essentially the same as a straw defendant case in a diversity situation. Frequently, claim suggesters or other individuals that are unrelated to the insurance decision are included solely for the purpose of defeating diversity jurisdiction. And the courts have established a procedure whereby they look to, they will pierce the case. And here there's not, not even under a theory which hardly exists at all under Texas law, of common law indemnification. That was pretty well blown out of the water in the, I think it's the BNB, got it right here. Well, Texas Supreme Court in 1980, when the comparative liability provisions first were implemented by the legislature, Texas Supreme Court came in and said, you're only going to have common law indemnity in cases of purely vicarious liability of an employer, purely vicarious liability in a landlord-tenant situation, or manufacturers indemnify, yes, innocent sellers. And that's where we are now. But isn't principal agent a relationship in which there can be indemnity, or at least a claim of such? It's not one that I have found under Texas law. Again, indemnity provisions are very strictly construed now. And they have to be, with the exception of these minor instances, they have to be contractual in nature. The cases cited by Dr. Siddhartan in his brief involved contractual indemnification provisions, even chain contractual indemnifications, but there was always a contract there. I see my time is basically up, so I will leave now unless you have any other questions. Thank you very much, Mr. Kristol. We will hear from Mr. Cheele. May it please the Court. My name is Christopher Cheatham, and I represent Dr. Siddhartan. The parties dispute whether an unpled claimed can give rise to bankruptcy jurisdiction. Before I address that point, I would like to suggest to the Court that this case can be decided without reaching that question. Well, your opponent is saying he's not questioning that. He's questioning whether you have a template. He's saying it's a completely frivolous claim and that a bankruptcy related to jurisdiction shouldn't be based on a frivolous claim. He's not claiming some sort of defect in removal. So what about that? Is it if you had a completely frivolous indemnity claim, and I know you don't think so, but if you did, can that support bankruptcy related to jurisdiction? Saying that if the claim was frivolous, well, in the... And I never met you until right now. It's something completely made up. Would that support bankruptcy related to jurisdiction? Well, under these facts, the... No, I saw my question. I appreciate that you have a different view of the facts than your opponent. That's typical. I'm asking a hypothetical, a pure hypothetical. Is a frivolous claim of indemnity, can that support a related to bankruptcy jurisdiction claim? If there's no possibility of success on the claim, then no. Okay. So it does boil down to some degree of looking at whether you might could have some success here. Right. But contingencies can be considered, and the ultimate success of the claim is not relevant. It should be pointed out that... So what's the standard? The standard... Is it all conceivable? The standard is whether the action can have a conceivable effect on the bankruptcy estate. But if there's an indemnity claim, it undeniably would have an effect on the bankruptcy estate. The question is, what's the standard for determining whether the indemnity claim itself has some non-frivolous merit to it? Right? And I don't think there's a dispute here that if you had a valid indemnity claim, that would have an effect on the estate. The question is, how do you judge the viability of that claim that's been asserted? Well it's held to the conceivable effect standard, and any contingencies can also be considered. In this case, there were claims that were actually pled at the time of removal that should be addressed. Mr. Collins' reply brief suggests that there were no claims pled at the time of removal that are relevant. But actually... At the time of removal, the owner of the claim was against Dr. Shavard, right? The only claim... I mean, he dismissed all the claims against the hotel. There were claims asserted with respect to the insurance proceeds. These claims are within the four corners of the pleading at the time of removal. If you look at page 112 of the record, this is the state court petition at the time of removal, paragraph 7.05. Collins is asserting a right to the insurance proceeds, and this is relevant because the insurance proceeds were determined to be property of the bankruptcy estate. This court found in matter of zeal that when third parties are disputing property of the bankruptcy estate, that bankruptcy jurisdiction exists. In addition, also... I guess that was in the briefs, but I kind of missed that. Well, the... Exactly what was pending in the state court at the time of removal. I mean, I didn't know there were any claims other than the claims specifically against Dr. Shavard. This is a claim asserted against Dr. Siddharthan with respect to the insurance proceeds. It's pled that Dr. Siddharthan was in possession of these insurance proceeds. So you and I are fighting over Judge Jolly's money, is what you're saying. That's the analogy? Correct. But Collins... So these... Collins and Siddharthan are fighting over KSRP's money, and that's the related two? Because it's not really... If you're fighting over my money, I want to get in there. Well, you were non-suited. I'm not fighting over my money. I want to get back in there. He's the bankrupt in this analogy. So we have third-party dispute over property of the bankruptcy estate, and under matter of zeal, that would... That didn't really seem to be your primary argument in the briefs. This argument... I guess jurisdiction is jurisdiction, right? We argue in the brief that the insurance proceeds are disputed, and that's property of the estate, and the bankruptcy court found that the insurance proceeds are property of the estate. Okay. In addition... And that's good enough even if your indemnity claim is completely frivolous, is what you're saying? That's correct. Okay. But you don't think your indemnity claim is completely frivolous? Right. All right. So tell us about that. Well, Collins waived any right to challenge the viability of the indemnity claim. It is true that a jurisdictional challenge can be raised for the first time on appeal. However, the factual determinations upon which the jurisdictional challenge is based cannot be challenged for the first time on appeal. And below, Collins never challenged the viability of the cross-claims. The cross-claims were... But is that factual or legal? I understand what you're saying. You can't come in with a bunch of new facts. Well, in fact, this really happened, and that happened, and Suzy was over here, and Jane was over there, and all that. I mean, I understand that. But if the argument is purely on the face of the case, you don't have an indemnity claim, because it ended in this agreement, and you're not an innocent dealer, and you're not purely vicariously liable, and this other list that he went over of common law indemnity, which is the same list I memorized somewhere in my lifetime. If that's his claim, then what is the factual basis that's been waived? Well, in this case, the bankruptcy court, in its findings of fact, proposed findings of fact, treated the cross-claims as viable, and even referred to those cross-claims as establishing jurisdiction. Okay, but that's what's being challenged. I mean, typically, some other court has done something that somebody's unhappy with, and that's what we're all about. And so I don't know that the bankruptcy court's ruling is binding on us, so that's my point. What are the facts that needed to be brought out? The failure to do so waives the appellate argument. Maybe that's a better way to phrase it. What facts should your opponent have brought out that are now missing, so that we can't look at those, and we have to find that waived? Simply just the viability of the claims, the facial viability. Okay, well, facial viability is facially on the record, right? I mean, we're all looking at the same record, so I don't understand the waiver argument on that. Well, our position is that the indemnification claim is viable. Okay. On the same face that he's looking at. We're looking at the same face, we just don't know whether we think it has a nose and eyes and ears. Well, but in addition, I would assert that Collins had a direct claim against the debtor that was in existence at the time of removal. This was not a pled claim. Okay, I can see that. But my position is that unpled claims can give rise to bankruptcy jurisdiction. The Sixth and the Eighth Circuits and the Dow line of cases. In those cases, Dow filed bankruptcy, and there were various state court actions that were removed to the bankruptcy court. And some of the non-parties in those cases held unpled claims for contribution and indemnification. And the courts, the Sixth and Eighth Circuits, in deciding that bankruptcy jurisdiction existed, viewed these unpled claims and considered those claims in finding that there was bankruptcy jurisdiction. This court, the Fifth Circuit, has never apparently directly addressed the effect of unpled claims on bankruptcy jurisdiction. However, in the El Paso refinery case, this court impliedly treated unpled claims as giving rise to bankruptcy jurisdiction. In that case, this court was analyzing a chain of indemnity provisions. And in doing so, the court noted that Texaco easily could have asserted an indemnification claim against TRMI, who in turn could have amended its claim with the trustee. And in engaging in this analysis, this court treated an unpled claim as part of its determination in favor of bankruptcy jurisdiction. Okay, relate that to this case now, relate it to this case, to your argument, what you've just said. Well, yes, sir. As applied here, certain unpled claims, we Are. Oh. In Collins' state court petition at the time of removal, it was silent regarding the cross claims for indemnification. Okay. So our position, and it was also silent regarding the direct claim. In fact, this is even more important. Collins' state court petition at the time of removal was silent regarding his direct claim against the debtor. Okay. But our position is that claim nevertheless exists, even if unpled, it exists and therefore should be considered for purposes of determining bankruptcy jurisdiction. So then why is the claim not a frivolous one? Coming back to that, I still don't think we've heard an answer. Given these contractual issues, it doesn't seem like if you really look at the contract, there is a basis for indemnity. So how do you show that you brought a non-frivolous indemnity claim? The indemnity claim is not frivolous because we concede that the contractual indemnity provision only names the debtor and the general partner of the debtor. We concede that. However, there are various theories that could extend that indemnity provision to Sid Arthen, such as intended third-party beneficiary. Also, the chain of indemnity analysis that this case, the El Paso refinery case, whereby a contractual indemnity claim is paired with a common law indemnity claim to connect the dots between the parties. Here, Sid Arthen has a viable common law indemnity claim because at all relevant times, Sid Arthen was within his agency role. Sid Arthen is the member of the general partner. He is also an officer of the general partner. And at all times, he was in that role. I learned that same list that your opponent listed. That doesn't necessarily mean anything. The fact that I learned a list doesn't change what the law is. But it seems like the reverse of pure vicarious liability to hold an agent liable for his principle. The principle being held liable for the agent is vicarious liability. The agent being held liable for the principle, I don't know what that is, but it is vicarious liability because it goes the other way. So, is that still within common law indemnity, or are you saying that's an addition to this list or just hasn't been thought about, or it's a species of vicarious liability, or what's your argument? Well, Texas law, when there's an agency relationship, finds that the agent can be reimbursed for under these circumstances, essentially. One thing to mention, with respect to the direct claim, but... So, my principle tells me... Did you finish on that? Did you finish your answer on that? Yes, sir. So, my principle tells me to go out and buy a piece of property in my name because the principle is, you know, Walt Disney World, and they don't want to know that they're going to be building a theme park in New Orleans, so just Katharina Haynes goes and buys the property. They would have to pay me back for that property. That's your argument. That's your sort of common law indemnity is just they said, go buy this, and let's put aside statute of frauds for a moment. Go buy it in your name, and then we'll pay you back. That's really a contractual agreement. It's just not written down, right? I mean, if somebody sends you... So, that's your kind of argument. I get reimbursed for my principle because I did what he told me to do, and what he told me to do is go buy this property for him. Well, I wasn't expected to be out those, you know, millions or whatever. You're going to pay me back, but isn't that really contractual? It just may not be written down because that's our agreement. Our agreement is I'm going to buy the property for Walt Disney World or whoever, you know, XYZ theme park. Well, my reading of Texas law wouldn't require a contract or contractual obligation. But isn't that a contract? It's just not written down, and like I said, put aside the statute of frauds issue with real property. If I agree to loan Judge Jolly $100 and he agrees to pay me back, that's a contract whether we write it down or not. Right. Right? And so then if I say he owes me the $100, that's a contractual claim. It's not a common law claim. Right. Make your argument. Make your argument. Under the chain of indemnity, two contractual indemnification claims can be paired together as well. So under those circumstances, then that would yield the bankruptcy jurisdiction under our facts. There's an important point that I would like to address is the direct claim that Collins had against the debtor, which I said earlier existed at the time of removal. That claim is viable. And it's so viable, in fact, that at the bankruptcy level, when Collins reasserted that claim, he successfully obtained summary judgment on that claim. So we have a viable claim that existed at the time of removal, albeit unpled, and this is a claim directly against the debtor. So our position is that this claim certainly would yield bankruptcy jurisdiction. Okay. What is your claim that on the principal-agent basis, can you in any way relate to the hypos I've been giving you about going out and buying property or whatever? How does your claim relate to that? What is it that the agent was to do on behalf of the principal that would give rise to this indemnity, however you want to call it, common law, contractual, or X? The agent entered into the contingency fee agreement with Collins on behalf of the entities, and this was within his role as member and officer of the general partner of the debtor. And So it's like my amusement park hardbow. Right. Okay. Go ahead. Finish your answer. That's correct. Okay. The insurance proceeds, again, those are property of the bankruptcy estate, and this was a claim that was asserted and pled at the time of removal, which is important because the court wouldn't need to address the question of whether unpled claims can give rise to bankruptcy jurisdiction. And, again, the insurance proceeds are property of the bankruptcy estate. In addition, I would like to note that the indemnification cross-claim, although it wasn't pled at the time of removal, it was asserted within the notice of removal. So the notice of removal makes reference to the existence of this cross-claim for indemnification, and, therefore, the claim was asserted at the time of removal, even if not appearing within Collins' state court petition. And the well-pleaded complaint rule simply does not apply to related to jurisdiction. Three district courts within this circuit have reached that conclusion. The Supreme Court has extended the well-pleaded complaint rule to arising under jurisdiction, but not to related to bankruptcy jurisdiction. For that reason, claims that are outside the state court petition at the time of removal can be considered when analyzing jurisdiction. Unless there are any questions, that's all I have. Thank you very much, Mr. Cheatham. Mr. Kisly, you've saved some time for rebuttal. I'd first like to redirect the court's attention to the second amended petition that had been filed by Collins in the state court case. This was what was in court, the lie pleading as of the time of the removal of this case. It's found at page 112 of the record, paragraph 7.05. This paragraph, by the way, is part of the recitation of facts. It is not a claim for relief against the bankrupt debtor. It says, defendant, and defendant is defined as Dr. Siddhartan, had and received funds, including funds from insurers received in connection with the claims made subject of the contract, and such received funds included money to which plaintiff was entitled, and which was justly plaintiff's. Wherefore, defendant is liable to plaintiff in the full amount of the money had and received. And then when one looks at the prayer for relief, which is on page 118 of the record, paragraph 1 seeks judgment against defendant for all damages caused by the defendant's conduct, whether done in person or procured to be performed by others to breach the contract at issue and commit the various torts and tortious conduct that was alleged in the complaint. All this is is a description of how Collins was damaged by Dr. Siddhartan's actions. It is not a prayer or a claim for relief against any of the funds that were held anywhere from the insurance company. We were not seeking relief against KSRP and did not seek relief against KSRP until such time as the case had been removed to the bankruptcy court. And then at that point in time, when it was clear the case was going to go forward, Collins took the only recourse that he could take and tried to preserve all of his rights. Can you clarify for me now why the fact that he had funds, the insurance proceeds, that followed the hotel into bankruptcy was not a basis for bankruptcy jurisdiction? Because we weren't trying to get those specific insurance proceeds. The claim against Dr. Siddhartan is that he had tortiously interfered with our ability to get those funds. Ergo, we collect the funds from Dr. Siddhartan because those are our damages due to his tortious interference. Those were funds that obviously followed into the bankruptcy court. The funds that you were trying to get were funds that were under the control of the bankruptcy court at this point? The funds of the debtor, KSRP, absolutely. But that is not what Collins was trying to get. Yeah, but Collins is saying- What was Collins trying to get? A money judgment from Dr. Siddhartan from Dr. Siddhartan's personal funds for Dr. Siddhartan's tortious interference. How do we know that? Because that's the way the case was pled. Okay, so tortious interference with what? In other words, you were not trying to get any of the insurance proceeds? You were going to just let them sit there and fly away? That is correct. We didn't have a choice on that. Those insurance proceeds were gone. Okay, what was the tortious interference with? With Collins' contract with KSRP. KSRP. And so the funds that were diverted to Siddhartan, in your view, the world, were KSRP's funds. And wouldn't the bankruptcy court think they should get those funds if Siddhartan got them unlawfully, rather than bypassing KSRP by giving them directly to Collins? But the funds weren't diverted to Siddhartan. The funds were diverted by Siddhartan. Either way, by two, he ends up with money in his pocket that KSRP should have. And isn't it always considered that when it's a claim like that, that the bankrupt estate owes that? The fact that Collins then may say, I also claim those, doesn't change the fact that if they hadn't been diverted to Siddhartan, they would be reposing in KSRP, ergo the bankruptcy estate. So doesn't the bankruptcy estate own that claim? Doesn't the bankruptcy estate own that claim? Yes. That Siddhartan diverted money to him? Why? Because the monies came into the bankruptcy estate. They did not go out of the bankruptcy estate. The monies came into the bankruptcy estate. They remained part of the bankruptcy estate. So there would be no fraudulent conveyance claim, no other type of preference claim, or anything else that would be involved in that. The monies were— This sounds to me—this thing's gotten complicated. It's not quite the case I understood when I was coming in here. But it seems to me that it is conceivable that this could have some effect on the bankruptcy estate. I mean, it's just getting so out of pure understanding that it has to have some conceivable effect. My response to that, Judge Jolly, is that it is not conceivable because a judgment taken by Mr. Collins against Dr. Siddhartan, paid out of Dr. Siddhartan's funds, will not affect the monies that are held in an attorney's escrow account on behalf of and for the benefit of KSRP. It's not going to have any effect on that because Dr. Siddhartan has no right to go in and make a claim against those funds under indemnification or any other basis, and Mr. Collins wasn't seeking recovery of those specific funds. This is actually an instance—I'm sorry, Your Honor, I'm out of time. No, that's all right. I mean, we've used a good bit of your time ourselves, if you've got something else to say that will enlighten us. All I was going to say is this is not a—this is an instance where the funds are specifically identifiable and segregated, and they are not going to be touched. They were not going to be touched by Mr. Collins. That's all I have. Thank you, Your Honor. Thank you, Mr. Kessler. Recall the next case of the day.